**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Starboard Attitude Trust, et al., | No. CV-25-03701-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| FirstFleet Incorporated, | |
| Defendant. | |

Plaintiff Starboard Attitude Trust (the "Trust"), "by and through Gary L. Wagoner," filed a complaint in the Dreamy Draw Justice Court in Maricopa County, Arizona. (*See* Doc. 1-1 at 7.) The complaint represented that there was only a single plaintiff: the Trust. (*See id.* at 7-8.) Defendant FirstFleet Incorporated ("FirstFleet") later removed the case to this Court. (*See* Doc. 1.)

Once in this Court, Dr. Wagoner filed a motion to allow electronic filing. (Doc. 8.) The Court granted the motion but noted that in its review, it "found that Dr. Wagoner, a non-attorney, filed the complaint as the 'authorized representative' for" the Trust. (Doc. 11 at 1.) Because the Court did "not know what Dr. Wagoner mean[t] by 'Authorized Representative,'" and because a non-attorney cannot represent an entity in federal court, the Court ordered Dr. Wagoner to "file a notice explaining what he mean[t]." (*Id.* at 1-2.)

Plaintiff(s) filed several documents following this Order. The first filing was a motion to remand submitted on the Trust's behalf. (*See* Doc. 12 at 1; *id.* at 5 (signing the motion as the Trust).) The second filing, a response to FirstFleet's motion to dismiss,

followed a similar pattern. (Doc. 13 at 1.) The third filing, a motion for leave to file a sur-reply, did not clearly indicate whether it was filed on behalf of the Trust, Dr. Wagoner, or both. (*See* Doc. 15.)

Dr. Wagoner himself filed a response to the Court's previous Order. (*See* Doc. 16.) In it, Dr. Wagoner states that the "small claims complaint was brought by [Dr. Wagoner] in his individual capacity to recover unpaid medical service charges totaling approximately $400.00 for services he personally rendered." (*Id.* at 1.) He further states that he did not "intend to represent or litigate on behalf of [the Trust] in federal court" but that he is a "Managing Director" of the Trust "with authority to act on behalf of the Trust in all commercial matters, including litigation." (*Id.* at 1-2.) He asserts that the "reference to 'authorized representative' in the original complaint was intended only to identify [his] relationship to the Trust for billing or business operations—not as a federal legal representative of a separate entity." (*Id.* at 3.)

This explanation is hard to square with the previous filings. The complaint alleges that the *Trust* "provided professional out-of-network medical services," "by and through [Dr. Wagoner]." (Doc. 1-1 at 7.) Naming the Trust as the real party in interest seems to have been intentional to avoid the claim preclusion arguments made by FirstFleet in its motion to dismiss. (*See* Doc. 13 at 2-3 (arguing claim preclusion does not apply because "Plaintiff is not the same party as in prior cases," as the Trust "is legally distinct from Dr. Wagoner acting in other capacities," and "[n]o final judgment on the merits has been issued against this specific Plaintiff ([the] Trust) for this specific claim").

Nevertheless, the Court construes Dr. Wagoner's statement that he did not intend to represent the Trust as a concession that the Trust is improperly named as a party. The complaint will need to be amended, however, because the claims are in the Trust's name and trusts do not have the capacity to sue or be sued under Arizona law. *See* Fed. R. Civ. P. 17(b) (the law of the state where the court is located generally determines the capacity to sue for parties other than individuals or corporations); *Sonlight v. Staskiewicz*, No. CV-22-02043-PHX-DWL, 2023 WL 1331310, at *1 (D. Ariz. Jan. 31, 2023) (holding that a

trust must be "dropped as a party to this lawsuit and can participate only through a trustee"). To the extent Dr. Wagoner seeks to bring individual claims against FirstFleet, he will need to reframe the complaint to assert his own claims. If, on the other hand, the claims belong to the Trust (as the complaint alleges), the trustee will need to be substituted for the Trust, and counsel will be required. *See Sonlight*, 2023 WL 1331310, at *1-2.

Because the complaint will be dismissed, the Court denies as moot the pending motion to dismiss and related briefing, (Docs. 6, 15). The Court also strikes the documents that purport to have been filed by the Trust without counsel. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 (9th Cir. 2004) ("[M]otions and pleadings must be filed by counsel.").

**IT IS THEREFORE ORDERED** that the complaint is dismissed with leave to amend. The real party in interest in this case may file an amended complaint within **30 days** of this Order.

**IT IS FURTHER ORDERED** that, to the extent the Trust's trustee is substituted on behalf of the Trust, the trustee must be represented by counsel, and the trustee's counsel must file any amended complaint.

**IT IS FURTHER ORDERED** that, if an amended complaint is not filed within **30 days** of this Order, the Clerk of Court shall dismiss this action without further notice.

**IT IS FURTHER ORDERED** that the pending motion to dismiss and related motion for leave to file an opposition to FirstFleet's reply (Docs. 6, 15) are denied as moot.

**IT IS FINALLY ORDERED** that the documents purportedly filed by the Trust without counsel (Docs. 12, 13) are stricken.

Dated this 12th day of November, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 3 -