**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Starboard Attitude Trust, et al., | No. CV-25-03701-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| FirstFleet Incorporated, | |
| Defendant. | |

The Court has considered Defendant's Motion to Dismiss the Amended Complaint, Plaintiff's response, and the reply. (Doc. 20,24, 25) Defendant moves to dismiss on the basis of res judicata, the time-honored legal doctrine holding that a plaintiff cannot repeatedly assert legal claims that were, or could have been, asserted in a prior lawsuit. The motion will be granted.

**I**

Plaintiff alleges that he is a healthcare provider who holds an assignment of claims for his patient and healthcare plan participant Jeffrey Cagle. (Doc. 19 at 5) The claim is brought against Defendant FirstFleet, Inc., which is alleged to be "the Plan Sponsor, Plan Fiduciary, and Plan Administrator of a self-funded ERISA-governed health plan administered by BlueCross Blue Shield of Tennessee." (*Id*.) Plaintiff was an out-of-network provider under this plan. (*Id*.) Plaintiff alleges that his claim to Defendant was "misadjudicated as an in-network" insurance claim, rather than an out-of-network claim, resulting in underpayment. (*Id*. at 7)

This is the fifth time Plaintiff has asserted his claims against FirstFleet for the Cagle assignment. The first lawsuit was adjudicated to finality by Senior District Judge James A. Teilborg, resulting in a judgment of dismissal for Defendant. *See* Order of Dismissal and Judgment of Dismissal, *Wagoner v. First Fleet Inc.*, No. CV-22-00990-PHX-JAT (D. Ariz. Jan 19, 2023) (Doc. 18, 19) (hereinafter "*Wagoner I*").*

After voluntarily dismissing two other cases in this District, Plaintiff filed a fourth lawsuit against FirstFleet concerning the Cagle claim. District Judge Diane J. Humetewa granted FirstFleet's motion to dismiss for res judicata and, as a sanction, invited Defendant to file a motion for attorneys' fees. Order of Dismissal, *Wagoner v. FirstFleet Inc.*, No. CV-25-02349-PHX-DJH (D. Ariz. Nov. 14, 2025) (Doc. 41) (hereinafter "*Wagoner IV*").

**II**

"[C]laim preclusion (once referred to as res judicata) bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action resulting in a final judgment." *Quinn v. Cardenas*, 256 Ariz. 77, 83 (App. 2023) (citation modified). "[T]he doctrine of res judicata bars the relitigation of all events which occurred prior to entry of judgment, and not just those acts that happened before the complaint was filed." *Monterey Plaza Hotel Ltd. P'ship v. Loc. 483 of Hotel Emps. & Rest. Emps. Union, AFL-CIO*, 215 F.3d 923, 928 (9th Cir. 2000); *Crosby-Garbotz v. Fell ex rel. Cnty. of Pima*, 246 Ariz. 54, 59 (2019) ("Under claim preclusion, a final judgment may preclude later litigation of other causes of action based on the transaction or series of transactions out of which an action arises, considering whether the facts are related in time, space, origin, or motivation.") (citation modified).

Later claims are barred on res judicata grounds when "the earlier suit . . . (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002) (citation modified). To assess whether two actions involve the same claim, courts consider whether the two suits arise out of a common

---

* Judge Teilborg's Order of Dismissal is available at 2023 WL 315282.

nucleus of operative fact. *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

The Court refers to and adopts Judge Humetewa's thoroughly reasoned res judicata analysis in which Plaintiff's claims were dismissed in *Wagoner IV*. In short, the Court finds that the first factor—same claim or cause of action—is satisfied. The claims asserted in *Wagoner I*, *Wagoner IV*, and this case all arise from Plaintiff's billing dispute with FirstFleet over the Cagle claim. The Court further finds that the second factor—final judgment on the merits—is satisfied. Both *Wagoner I* and *Wagoner IV* resulted in a final judgment on the merits in Defendant's favor. As for the third factor—identical parties—the Court finds that the parties are identical to the two prior lawsuits and that Plaintiff has had a full and fair opportunity to litigate his claims. In this case, Plaintiff has attempted to circumvent this factor by asserting claims on behalf of a trust as well as himself. But, as a non-lawyer, Plaintiff cannot assert claims on behalf of his trust. *See Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006) ("A trust, for example, must be represented by an attorney."). Additionally, the Court finds that Plaintiff is the real party in interest with respect to his trust and both will be considered functionally the same party under res judicata. Thus, all the factors warrant dismissal.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 20) is **GRANTED**. The Clerk of Court must enter a judgment of dismissal and close this case.

**IT IS FUTHER ORDERED** that Defendant may move for attorneys' fees and related non-taxable expenses pursuant to LRCiv 54.2

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave to File Sur-Reply (Doc. 27) is **DENIED** as moot.

Dated this 30th day of December, 2025.

Michael T. Liburdi
United States District Judge